FILED
SUPERIOR COURT
OF GUAM

2021 FEB 23 PM 3: 44

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **JOEL JOSEPH, DVM,** | **CIVIL CASE NO.: CV0436-19** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| | Re: Defendant's Motion for Leave to |
| | Amend Answer |
| **DYLAN MECHANICAL** | |
| **CONSTRUCTION SERVICES, INC.,** | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on February 15, 2021, upon Defendant's Motion for Leave to Amend Answer to Plaintiff's First Amended Complaint; Counterclaim. The Plaintiff, Joel Joseph, DVM, ("Joseph") is represented by Mitchell F. Thompson, Esq. The Defendant, Dylan Mechanical Construction Services, Inc., ("Dylan"), is represented by Joseph C. Razzano, Esq. For the reasons set forth below, having reviewed the moving papers of both parties, the Court **DENIES** Defendant's Motion for Leave to Amend Answer to Plaintiff's First Amended Complaint; Counterclaim.

### BACKGROUND

Joseph filed a complaint in this matter on April 15, 2019. See Compl. (Apr. 15, 2019). On May 7, 2019, Dylan filed a timely answer and counter claim. See Answer and

Counterclaim. (May 7, 2019). On May 9, 2019, Dylan filed an amended answer and counterclaim. See Amend. Answer and Counterclaim (May 9, 2019). A scheduling order was issued by the Court creating a September 20, 2019, deadline to file amended pleadings. See Scheduling Order ¶ 5 (May 24, 2019). Dylan filed a second amended answer and counterclaim on July 11, 2019. See Second Amend. Answer and Counterclaim (July 11, 2019). Joseph filed an Amended Complaint and Counterclaim on December 12, 2019, after seeking leave of this Court to do so. See First Amend. Compl. (Dec. 12, 2019); See also Pl.'s Mot. to Amend Compl. (Oct. 25, 2019). The motion was unopposed. See Non-Opp'n to Mot. to Amend (Nov. 22, 2019). Dylan filed an Answer to the Amended Complaint on December 27, 2019. Answer to Pl.'s First Amend. Compl. (Dec. 27, 2019). Joseph filed a Reply to Dylan's Amended Counterclaim on January 10, 2020. Pl.'s Reply to Def.'s Amend. Counterclaim (Jan. 10, 2020).

Dylan's counsel, Tim Roberts, Esq., filed a Motion to Withdraw as Counsel on December 3, 2020, which was unopposed, and granted by this Court. See Mot. to Withdraw as Counsel (Dec. 3, 2020). Dylan was given sixty (60) days to obtain new counsel and new counsel would be allowed to file motions for leave to file supplemental documents. See Min. Entry (Dec. 3, 2020). Dylan hired current counsel, Joseph C. Razzano, and filed the instant motion seeking leave of the Court to file an amended answer to Joseph's First Amended Complaint. See Mot. for Leave to Amend Answer (Jan. 21, 2021). Joseph filed his opposition to the motion on January 29, 2021. See Pl.'s Opp'n to Mot. for Leave to Amend Answer (Jan. 29, 2021). Dylan filed their reply on February 5, 2021. See Reply to Opp'n to Mot. for Leave to Amend Answer (Feb. 5, 2021). The parties stipulated to waive oral arguments on all outstanding motions, and the Court subsequently took this matter under advisement. See Stip. to Waive Oral Arguments (Feb. 11, 2021).

## DISCUSSION

Under Rule 16 of the Guam Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." GRCP 16(b)(4). A pretrial order "controls the course of action unless the court modifies it." GRCP 16(d). A deadline set by the Court in a Scheduling Order may only be extended after finding that "good cause" for the extension exists. See Local Rules of the Superior Court of Guam CVR 16.5.

The Guam Rules of Civil Procedure are based on their federal counterparts, and as such, cases interpreting the Federal Rules of Civil Procedure are persuasive. See *Cruz v. Cruz*, 2005 Guam 3 ¶ 9; see also *People v. Hall*, 2004 Guam 12 ¶ 18; see also *Fajardo v. Liberty House Guam*, 2000 Guam 4 ¶ 17. Federal Courts have held that a motion to amend pleadings filed after the deadline set in the Scheduling Order, is the functional equivalent of a motion to modify the scheduling order and thus, must be analyzed under Rule 16. See *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); See also *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992); *Somascan v. Phillips Medical Systems Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013). Further, "[u]nder Rule 16(b) [the movant] must show good cause for not having amended their complaints before the time specified in the scheduling order expired." *Coleman*, 232 F.3d at 1294.

The good cause standard "primarily considers the diligence of the party seeking amendment." *Mammoth Recreations, Inc.*, 975 F.2d at 609. The pretrial schedule may be modified and the amended pleading allowed "if [the schedule] cannot be reasonably met despite the diligence of the party seeking the extension." *Id.* Further, other jurisdictions are reluctant to find that prior counsel's failure to proceed diligently constitutes "good cause." See *Interstate Packing Co. v. Century Indemnity Co.*, 291 F.R.D. 139, 145 (M.D. Tenn. 2013). See also *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 672 (C.D. Cal. 2003). Finally, it is well established law in Guam "that parties who may freely choose their attorneys should not be allowed to later avoid the ramification of the acts or omissions of their chosen counsel." *Parkland Development, Inc. v. Anderson*, 2000 Guam 8 ¶ 15.

To further implicate the lack of diligence on the part of Dylan, the instant motion is filed while a dispositive motion for summary judgment is pending. Courts routinely deny motions to amend in cases similar to the one before the Court. See *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2nd Cir. 2003) (*denying* motion to amend where plaintiffs delayed more than one year before seeking to amend their complaint, discovery had been completed and a summary judgment motion was pending). See also *Bernstein v. Village of Wesley Hills*, 95 F.Supp. 3d 547, 588 (S.D.N.Y. 2015); *Peresypa v. Jiminy Peak Mountain Resort, Inc.*, 653 F. Supp. 2d 131, 135 (D. Mass. 2009).

In the current case, a scheduling order was issued by this Court on May 24, 2019, which set the period for amended pleadings to expire on September 20, 2019. See

Scheduling Order (May 24, 2019). The instant motion was filed on January 11, 2021. See Mot. for Leave to Amend Answer (Jan. 21, 2021). Dylan has filed a motion seeking to amend his answer almost seventeen (17) months past the deadline. Thus Rule 16(b)(4) controls and Dylan must show that he has good cause for modifying the scheduling order.

Dylan claims that his new counsel has acted diligently, arguing, "[a]s soon as the undersigned was able to review documents in this case, especially the deposition transcripts, the undersigned moved diligently to file the motion for leave to amend . . . ." Reply to Opp'n to Mot. for Leave to Amend Answer at 2 (Feb. 5, 2021). However, as stated above, Dylan is held accountable for the lack of diligence of his previous counsel. Dylan further claims that "the deposition of Plaintiff revealed numerous facts that support Defendant's counterclaim." *Id.* at 3. The depositions of both parties were taken on December 19, 2019. See Pl.'s Opp'n to Mot. for Leave to Amend Answer (Jan. 29, 2021). Dylan and his prior counsel had over a year to file the motion before us. Instead, they acted in a dilatory manner, and chose to file the instant motion after a dispositive motion for Summary Judgment had been filed for three (3) months. Thus, the Court cannot find that Dylan has good cause to amend his answer, and the Court must deny the above captioned motion as untimely.

## CONCLUSION

Based on the foregoing, Defendant's Motion for Leave to Amend Answer to Plaintiff's First Amended Complaint; Counterclaim is **DENIED**.

**SO ORDERED** this ____2/23/2021____

<u>HONORABLE ANITA A. SUKOLA</u>
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
M. THOMPSON
GAZZANO

Date: _____ Time: 2/23/21
_____
Deputy Clerk, Superior Court of Guam